IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. REEDY, III, | |
| *Plaintiff*, | Civil Action No. 2:23-cv-00726-WSS |
| v. | Hon. William S. Stickman IV |
| MAURICE J. TOOMEY, III, and ALLSTATE INSURANCE COMPANY, | |
| *Defendant*. | |

**MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

On February 6, 2023, Plaintiff James A. Reedy, III ("Reedy") filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania at Docket No. GD-23-1753, alleging negligence on the part of Defendants Maurice J. Toomey, III ("Toomey") and Allstate Insurance Company ("Allstate").[1] (ECF No. 1-3). Reedy and Toomey were the operators of vehicles involved in an automobile accident on January 6, 2023, on Smith Township State Road in Burgettstown, Pennsylvania. (*Id.* at 3-4). Toomey was employed by and driving a vehicle owned by Allstate. Reedy pled that he resided in Pennsylvania. As to Defendants, Reedy pled the following: Toomey resided at 2031 Middle Road, Glenshaw, Allegheny County, Pennsylvania 15116; and, Allstate is a foreign cooperation that regularly conducts business within Allegheny County, Pennsylvania and which has a principal place of business located at 2775 Sanders Road, Northbrook, Illinois, 60062. (*Id.* at 3).

---

[1] The Allstate Corporation was originally listed as a Defendant, but Reedy's claims against it were discontinued in April of 2023, without prejudice through the parties' filing of a Joint Stipulation. (ECF No. 1-15).

1

Allstate filed a Notice of Removal under 28 U.S.C. § 1446(b)(3) on May 1, 2023, which was consented to by Toomey. (ECF No. 1). It was prompted by Toomey's state court Answer and New Matter wherein Toomey denied residing at 2031 Middle Road, Glenshaw, Allegheny County, Pennsylvania 15116. Toomey averred that he resided at 3179 Homewood Ave., Steubenville, Ohio 43952. (ECF No. 1-9, pp. 2 and 12). According to Allstate, complete diversity of the parties existed pursuant to 28 U.S.C. § 1332, and it timely removed this case within thirty days of Toomey's Answer and New Matter. (ECF No. 1). A day later, Reedy filed a Motion for Remand and to Award Attorney's Fees Pursuant to 28 U.S.C. § 1447(c). (ECF No. 3). For the following reasons, the Court will grant Reedy's motion and remand the case.

## I. STANDARD OF REVIEW

Any civil action brought in state court can generally be removed by a defendant to federal district court under the general removal statute: 28 U.S.C. § 1441. The party seeking removal has the burden of establishing federal jurisdiction, and the removal statute is interpreted narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009); *see also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (noting that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."). The requirements for filing a notice of removal under 28 U.S.C. § 1446 parallel the pleading requirements of Federal Rule of Civil Procedure 8(a)(1). A defendant seeking federal jurisdiction must provide a notice of removal containing a short and plain statement of the grounds. That statement must allege underlying facts supporting all requirements. *See* 28 U.S.C. § 1446; FED. R. CIV. P. 8(a)(1); *In re Com.'s Mot. to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 466 (3d Cir. 2015). When removal is predicated on diversity of citizenship, federal jurisdiction requires that at least $75,000 be at stake,

and that the parties are completely diverse, such that no plaintiff is a citizen of the same state as any of the defendants. 28 U.S.C. § 1332(a).

Similarly, the requirements for filing a motion to remand under 28 U.S.C. § 1447(c) parallels the defense requirements of Federal Rule of Civil Procedure 12(b)(1). *See Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 811 (3d Cir. 2016) (citation omitted). When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. *Boyer*, 913 F.2d at 111. Two grounds for remand are "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993) (citing 28 U.S.C. § 1447(c)). A motion to remand based on a defect in the removal process "must be made within 30 days after the filing of the notice of removal under section 1446(a)," 28 U.S.C. § 1447(c), but "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

## II.   ANALYSIS

Reedy contends that Allstate's Notice of Removal was untimely, and, substantively, that Allstate has failed to meet its burden of proof that Toomey was a citizen of Ohio at the time when Reedy filed his complaint. He argues that, notwithstanding the fact that Toomey may be currently residing in Ohio, Allstate (as the removing party) has failed to demonstrate that Toomey's domicile for diversity purposes was changed to Ohio at the time this action commenced. (ECF Nos. 3, 4, and 11). Allstate carries a heavy burden of showing that this case is properly before the Court.

### A. Allstate's Notice of Removal was timely.

Reedy first contends that removal was untimely and that remand is appropriate on this ground alone. Where a case is not removable based on the allegations in the initial pleading but

3

becomes removable at some point thereafter, federal law dictates that the notice of removal be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). Reedy disagrees that Toomey's Answer and New Matter constituted "other paper" under 28 U.S.C. § 1446(b) and triggered the thirty-day removal period.

The United States Court of Appeals for the Third Circuit has not defined "other paper." District courts within this Circuit, however, have concluded that "other paper" is an inclusive phrase that covers a wide array of documents. Such a broad interpretation of "other paper" is consistent with the statute's purpose to "commence the running of the thirty-day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner." *Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994) (citations omitted). Courts have held that requests for admissions can constitute "other paper," *see Brown v. Model's PA II, Inc.*, No. 08-1528, 2008 WL 2600253, at *3 (E.D. Pa. July 1, 2008); *Marchiori v. Vanguard Car Rental USA, Inc.*, Civ.A.No. 05-5685, 2006 WL 724445, at *2 (E.D. Pa. Mar. 17, 2006), as well as answers to written interrogatories, *see Cabibbo v. Einstein/Noah Bagel Partners, L.P.*, 181 F. Supp. 2d 428, 432-33 (E.D. Pa. 2002). There is nothing in the plain language of the removal statutes, nor in controlling caselaw, that mandates that removal be predicated on a voluntary act of a plaintiff.

The Court holds that Toomey's Answer and New Matter in response to Reedy's complaint, which was filed with the state court, constitutes "other paper" that notified Allstate that the case was removable. Because Allstate filed its notice of removal within thirty days, removal was timely.

> **B.    Remand is appropriate because Allstate has not met its burden of showing that Toomey had changed his domicile to Ohio by the time this action was filed.**

In order to meet the strictures of the diversity statute, complete diversity is required, meaning that ***at the time the complaint was filed***, no party can be a citizen of the same state as any opposing party. 28 U.S.C. § 1332(a)(1); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 & n.9 (3d Cir. 2015); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 414 n.2 (3d Cir. 1999). "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)). The rules for determining citizenship of individuals and business entities are well-established. "A natural person is deemed to be a citizen of the state where he is domiciled," while "[a] corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citation omitted). "[N]o changes in citizenship after the time of filing (and, as relevant here, the time of removal) can create or destroy diversity." *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 151 (3d Cir. 2017) (citations omitted).

Allstate alleges that diversity existed not only upon removal (which is legally irrelevant), but, critically, at the time of commencement of Reedy's action in state court because Toomey has averred that he resided in Ohio, not Pennsylvania. The terms "resident" and "domicile" or "citizen" are not interchangeable for diversity purposes and they have distinct definitions under the law. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile and the domicile of an individual is his true, fixed and permanent home and place of habitation.") (internal citations omitted); *Krasnov v. Dinan*, 465 F.2d

1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (citations omitted). The meaning of citizenship for diversity purposes is synonymous with domicile. *See Juvelis by Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995). Domicile is not the same as residence, and a person may reside in one place (or multiple places) but be domiciled in another. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Unlike mere residence, domicile consists of a combination of one's physical presence in a state and the intent to remain there. *Juvelis*, 68 F.3d at 654. A person can have more than one residence, but only one domicile. *Texas v. Florida*, 306 U.S. 398, 429 (1939).

Domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "When the objective and subjective concur, one's domicile is immediately established." *Id*. Importantly, a domicile, once acquired, is presumed to continue until it is shown to have been changed, and a temporary relocation away from one's domicile does not change domicile absent the intent to establish a new domicile. *Id*. at 345. "This principle ... gives rise to a presumption favoring an established domicile over a new one." *Id*. (citations omitted). The effect of this presumption is to place a heavier burden on a party who is trying to show a change of domicile as opposed to the retention of an existing or former one. *Id*. The Third Circuit has established a non-exhaustive list of factors to consider when determining an individual's domicile, including declarations, the exercise of political rights, payment of personal taxes, house of residence, place of business, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registrations. *McCann*, 458 F.3d at 286.

Reedy argues that he correctly pled Toomey's domicile as Pennsylvania and that Allstate has not met its high burden of establishing that Toomey changed his domicile by the time this action was commenced. At the critical time of filing the complaint (February 6, 2023), Toomey owned real estate, a marital residence, located in Glenshaw, Allegheny County, Pennsylvania. At the time of the accident (January 6, 2023), Toomey had business cards for Moe Toomey Construction, LLC, which he owned and operated with a business address of 2031 Middle Road, Glenshaw, Allegheny County, Pennsylvania. Toomey has a valid Pennsylvania contractor's license identified as PA 012504. At the time of the accident, only weeks before suit was filed, prescription medication bottles found in Toomey's vehicle listed his residence as Glenshaw, Allegheny County, Pennsylvania 15116. Toomey is currently registered to vote in Pennsylvania, and Reedy came forth with evidence that Toomey continues to treat with doctors in Allegheny County. (ECF No. 4, pp. 8-9; ECF Nos. 3-1, 3-2, 3-3, 3-4, 3-5, 3-6). Reedy goes on to argue:

> [i]t is believed that Mr. Toomey works solely in Pennsylvania and does not perform any work in Ohio. It is also believed that Defendant, Toomey, pays taxes in Pennsylvania and not in Ohio. It is further believed that Defendant, Toomey, maintains bank accounts in Pennsylvania and not in Ohio. In addition, Defendant, Toomey, has relatives that reside in Allegheny County, Pennsylvania. The averment in Defendant, Toomey's Answer and New Matter that he resides in Ohio is simply insufficient to establish that Defendant, Toomey, is a citizen of Ohio for purposes of diversity jurisdiction.

(ECF No. 4, p. 9). Reedy further notes that,

> [i]t is believed that Defendant, Toomey's driver's license lists an address of 2031 Middle Road, Glenshaw, Allegheny County, Pennsylvania 15116. Further, Defendant, Toomey, was arrested in Allegheny County on or about February 17, 2023 for possession of a controlled or counterfeit substance, delivery or possession with intent to deliver a controlled substance, and the use of or possession of drug paraphernalia. The docket related to these charges lists his mailing address as Glenshaw, PA 15116.

(ECF No. 11, p. 8).

7

Allstate contends that it has met its burden of production that Toomey exhibited an intent to establish domicile in Ohio well before Reedy filed his action in state court. Toomey averred that on the date of the accident, January 6, 2023, he spent the prior night at his "Ohio residence." Toomey also avers that he had been living at that residence for "approximately three years" as he moved to Ohio after separating from his wife on or about October 7, 2019. His wife filed for divorce in August of 2022, and during the divorce proceedings she was granted "exclusive possession of the marital home in Pennsylvania on December 29, 2022." (ECF No. 10-1). Toomey concedes that he works in Pennsylvania and that much of his domestic and social life remain in Pittsburgh, but that "Steubenville, Ohio is only 33 miles away from the greater Pittsburgh area," and is a "bedroom community." (ECF No. 15, pp. 5-6). He argues that "[a]s to his driver's license and voter registration, effort must be undertaken to change these designations," and "his lack of diligence to address situations without support that such undertakings need to be done, fails to establish anything of consequence." (*Id.*).

Removal statutes are to be strictly construed against removal and all doubts are to be resolved in favor of remand. In this case, the Court holds that Allstate has failed to meet its high burden of proof as to Toomey's domicile, rather than his mere residence, being in Ohio. While Toomey very well may have intended to have a residence in "Ohio indefinitely" (ECF No. 15, p. 6), domicile is not the same as residence. Residence is evidence of domicile, but the intent to establish domicile in the state of residence must be demonstrated by other factors. Allstate (and Toomey) have failed to carry the high burden of demonstrating that at the time this accident was filed, Toomey resided in Ohio and had the intention of doing so indefinitely. There is a strong presumption in favor of retaining prior domicile, and Allstate (and Toomey) have failed to offer

8

evidence to rebut that presumption through the characteristic (and non-exclusive) list of factors showing intent to change domicile.

The Court will credit Allstate and Toomey that Toomey is, in fact, living in Steubenville, Ohio.[2] But this is only one piece of evidence as to domicile. A review of a number of the other factors shows that Toomey has maintained strong, if not nearly exclusive, ties to Pennsylvania. According to the information presented to the Court, Toomey's regular place of business (and presumably, business bank accounts), voting registration, social obligations, doctors and pharmacy, ex-spouse and children, driver's license and vehicle registration remain in Pennsylvania. This is all strongly indicative of the absence of an intent to change domicile to Ohio, notwithstanding Toomey's residence in that state. The objective evidence outweighs Toomey's "evidence" that he intends to reside in Ohio indefinitely and set up the trappings of a "true, fixed and permanent home." *McCann*, 458 F.3d at 286. Allstate has failed to produce sufficient evidence to overcome the strong presumption in favor of Pennsylvania as Toomey's state of domicile. It has failed to meet its heavy burden. Because Allstate has failed to prove subject matter jurisdiction on the basis of diversity of citizenship, this case must be remanded.

**C. Reedy's request for cost and fees will be denied.**

In addition to seeking remand to Pennsylvania state court, Reedy requests costs and counsel fees be awarded pursuant to 28 U.S.C. § 1447(c) for improper and unreasonable removal. (ECF Nos. 3 and 4). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In holding the test should "turn on ... reasonableness," the

---

[2] Reedy represents that Toomey is staying in the home of a friend in Steubenville. (ECF No. 4, p. 6 n.1 ).

Supreme Court of the United States "recognize[d] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140-41. "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

The Court will exercise its discretion to decline to award costs and fees. Given the existence of some authority sanctioning an argument that Toomey's domicile was in Ohio at the time of the filing of Reedy's complaint, the Court cannot say that Allstate lacked an objectively reasonable basis for seeking removal. And there is nothing in the record to support an argument that Allstate sought removal to prolong litigation or impose costs on Reedy. Accordingly, the Court will deny Reedy's request for costs and counsel fees.

### III.  CONCLUSION

For the foregoing reasons, this case will be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania at Docket No. GD-23-1753. No costs, expenses or attorney's fees will be awarded.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

July 31, 2023
Date